[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is a personal injury action commenced on October 1, 1997 brought pursuant to General Statutes § 52-592 against the defendants, Christine Murphy, Timothy Redman and Cheryl Church. The action arises out of a motor vehicle accident that occurred on April 23, 1993, when Cheryl Church (formerly Cheryl Drauss) stopped her vehicle on a limited access highway and her vehicle was struck in the rear by a vehicle owned and operated by Murphy. As a result, Privitera, a passenger in Church's vehicle, sustained personal injuries. CT Page 3166
A prior action was commenced on March 14, 1995 against Murphy and Redman, and on October 23, 1995, the court, Schimelman, J., granted Murphy's motion to cite in Church as a third party defendant. On January 16, 1995, the court. Hennessey, J., granted Church's motion to strike the third party complaint on procedural grounds. On July 18, 1996, Judge Hennessey granted Murphy's second motion to cite in Church as a party defendant and ordered that on or before August 1, 1996, the plaintiff amend her complaint to state facts showing the interests of Cheryl Drauss [Church] in this action and summon her to appear as a defendant in this action on or before the second day following August 13, 1996. . . ." On December 27, 1996, the court dismissed the action due to Privitera's failure to prosecute with reasonable diligence pursuant to Practice Book § 251 [now § 14-3]. On May 27, 1997, the court, Aurigemma, J., denied Privitera's motion to set aside the dismissal.
The present action against Murphy, Redman and Church brought under General Statutes § 52-592 the accidental failure of suit statute, alleges in Count three negligence against Church. On December 10, 1997, Church filed a motion to dismiss on the grounds that: 1) the action does not fall within the confines of General Statutes § 52-592; 2) the statute of limitations has run for bringing a new action: and 3) the plaintiff is collaterally estopped from pursuing a new action. On May 5, 1998, the court, Aurigemma, J., denied the motion to dismiss. An amended five count complaint dated December 2, 1998 was filed on December 9, 1998.
On November 10, 1999, Church filed this motion for summary judgment on the ground that Privitera had two years from the April 23, 1993 incident to file suit, and since Privitera failed to serve her complaint against Church within the two year period of that statute, Church is entitled to summary judgment. Privitera argues that Church was a party to the first action and, therefore, pursuant to General Statutes § 52-592, she may commence the present action against Church, without being subject to the two year statute.
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495,500, (1988). The issue before the court is whether there is any genuine issue of material fact as to whether Church was a party CT Page 3167 to the original action. If Church was a party to the original action. Privitera may commence the present action against Church pursuant to General Statutes § 52-592. If Church was not a party to the original action, however. General Statutes §52-584 will bar the present action. See memorandum of decision of Judge Aurigemma dated May 5, 1998 denying motion to dismiss.
Church has submitted an affidavit in support of her motion for summary judgment claiming she was not served with a complaint nor informed that she was a defendant in a personal injury action by Mary Privitera prior to April 23, 1995, accompanied by a copy of the original summons and complaint dated March 14, 1995, as evidence that Murphy and Redman were the only named defendants in the original action. Church asserts that she was unable to obtain a certified copy of the plaintiffs original complaint because, pursuant to court rules, the original court file was destroyed two years after the dismissal. Hence, Church submits a Clerk's Certificate dated October 29, 1999, that states "the action brought by Mary Privitera against Christine Murphy, et al. . . . was dismissed by the court on December 27, 1996, pursuant to Practice Book § 251."
As evidence that Church was a party to the first action, Privitera submits a copy of the motion to cite in Cheryl Drauss as a third party defendant dated October 6, 1995, along with a copy of Judge Schimelman's order dated October 23, 1995, granting this motion. Additionally, Privitera submits a copy of the second motion to cite in Cheryl Drauss as a party defendant dated June 5, 1996, along with a copy of Judge Hennessey's order dated July 18, 1996, granting this motion. Finally, Privitera submits a copy of the summons, third party complaint and sheriff's return which were served on Church in the First action and a copy of an appearance dated December 12, 1995, as evidence that Church appeared in the first action through Attorney William O'Brien.
In considering a motion for summary judgment this court must view the evidence in the light most favorable to the nonmoving party; Rivera v. Double A Transportation, Inc., supra,248 Conn. 24. It appears that Church has not met her burden of showing the absence of any genuine issue of material fact regarding whether she was a party to the original action and that Privitera has provided an adequate evidentiary foundation to demonstrate the existence of such an issue of material fact.
Since it appears to this court that a genuine issue of material CT Page 3168 fact exists regarding whether Church was a party to the original action Church's motion for summary judgment is denied.